# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GONZALES, | 1:10-cv-01330-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO AMEND THE JUDGMENT** |
| v. | (Doc. 24) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

On July 23, 2010, Plaintiff Olivia Gonzales ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits. (Doc. 1.) On January 4, 2012, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 23.) On February 1, 2012, Defendant Michael J. Astrue ("Defendant") filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 24.) On February 6, 2012, Plaintiff filed an opposition to Defendant's motion. For the reasons that follow, Defendant's motion to amend the judgment is DENIED.


## II. BACKGROUND[1]

In assessing Plaintiff's Residual Functional Capacity ("RFC"), the ALJ determined that Plaintiff was able to "understand, remember, and carry out simple one or two-step job instructions." (AR 28.) At a hearing where Plaintiff testified with the assistance of counsel, a Vocational Expert ("VE") testified that, given Plaintiff's RFC, Plaintiff remained able to perform the world of unskilled, sedentary work. (AR 652.) On that basis, the ALJ concluded that Plaintiff was not disabled and denied her claim for benefits.

In seeking reversal of the ALJ's decision, Plaintiff argued, *inter alia*, that her limitation to jobs involving only simple, one- or two-step instructions was in conflict with the Dictionary of Occupational Title's ("DOT") description of many of the jobs in the unskilled category that the VE testified she could perform. In other words, Plaintiff asserted that there was a conflict between the VE's testimony that she could perform the world of unskilled work when many of the jobs in the unskilled category required a general educational development component level beyond her mental limitations.[2] As an ALJ is required to resolve any apparent conflict between a VE's testimony and

---

[1] The facts of the case were set forth in the Court's January 4, 2012, order and will not be restated fully below.

[2] As explained in the Court's January 4, 2012, order, each job title identified in the DOT is accompanied by a definition that provides a list of various descriptive components associated with that particular job title, include a strength component that rates the physical demands of a job; a general educational development ("GED") component, that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance"; and a specific vocational preparation ("SVP") component that rates the "amount of lapsed time required by a typical worker to learn the techniques, acquire information, and develop the facility needed for average performance in a specific job-worker situation." SCODICOT, App. C. The GED component is comprised of three "divisions": "Reasoning Development," "Mathematical Development," and "Language Development." DICOT, 1991 WL 688702. The Reasoning Development division consists of six levels of reasoning ability, with Level 6 being the highest. *Id.* Relevant in this case are the first three levels of reasoning ability, defined as follows:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.
>
> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level 3: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Id.*

2

the DOT pursuant to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, Plaintiff claimed that the ALJ's failure to do so here was error.

In light of the absence of binding Ninth Circuit authority on this issue, the Court considered how numerous district courts in this Circuit, as well as other circuit courts of appeals, have decided the matter and found persuasive the majority of courts that determined that there is an inconsistency or an apparent conflict between the DOT's reasoning-level definitions and VE testimony that a claimant who is limited to tasks involving simple, one- or two-step instructions is able to perform jobs that require level-3 reasoning abilities.

Defendant asserts that the Court clearly erred in failing to apply the Ninth Circuit's unpublished memorandum decision in *Wentz v. Astrue*, and that the Court's analysis of whether the error by the ALJ was prejudicial was "unreasonable." (Doc. 24.) As such, Defendant moves the Court to alter or amend the January 4, 2012, judgment. (Doc. 24.)

### III. DISCUSSION

**A.   Legal Standard**

Courts may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly'" and at the discretion of the Court. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted); *see also McQuillion v. Duncan*, 342 F.3d 1012, 1013 (9th Cir. 2003). A motion to alter or amend a judgment "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (citations omitted). "To succeed [on a motion to alter or amend judgment], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

**B.   Analysis**

**1.   *Wentz v. Astrue* is Not Binding and is Factually Distinguishable**

Defendant argues that the Ninth Circuit's decision in *Wentz v. Astrue*, 401 F. App'x 189, 2010 WL 4269393 (9th Cir. 2010) directs that an ALJ has satisfied his duty under SSR 00-4p and

*Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), by asking the vocational expert if the testimony offered is consistent with the DOT and, "if not, to obtain an explanation for any conflicts." Here, according to Defendant, the ALJ "asked the proper question, the vocational expert answered it and it was unchallenged by counsel." As such, Defendant argues that the Court's decision was "not in accordance with the Ninth Circuit's reasoning [in *Wentz*]." (Doc. 24, 3:4-20.)

In *Wentz v. Astrue*, the district court determined there was no conflict between the VE's testimony that a person limited to simple work could perform jobs with a DOT reasoning level of 3 and the DOT's definition of level-3 reasoning, which requires a worker to "apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form [and] deal with problems involving several concrete variables in or from standardized situations." No. 08-661-PK, 2009 WL 3734104, at *14 (D.Or. Nov. 4, 2009). The district court also determined that, even to the extent there was a conflict, the evidence did not indicate that the claimant, Wentz, was unable to perform work at reasoning level 3, particularly because Wentz' limitation to simple, repetitive work was meant only to accommodate mild impairments in concentration, persistence, and pace due to distractions from pain and the effects of sleep difficulties. *Id.* at *14.

In an unpublished memorandum decision, the Ninth Circuit affirmed the district court's decision. *Wentz*, 2010 WL 4269393, at * 2. Defendant's argument that the Court clearly erred by not applying the Ninth Circuit's unpublished memorandum decision in *Wentz* is wholly without merit for purposes of a Rule 59(e) motion. Unpublished memoranda decisions of the Ninth Circuit are not binding, and the Court is entitled to weigh the persuasive authority on the matter and apply the rationale it finds most convincing.[3]

Apparent conflicts or actual conflicts between the DOT and the VE's testimony must be explained, and the ALJ is required to resolve any conflict between the VE testimony and the DOT. SSR 00-4p, 2000 WL 1898704. In *Wentz*, the district court expressly found that there was evidence that Wentz, who was limited to simple, repetitive tasks, could perform level-3 reasoning skills as

---

[3] Defendant's citations to *Wentz* in the opposition brief and in Defendant's motion for reconsideration fail to expressly identify *Wentz* as an unpublished memorandum decision; instead Defendant holds the decision out as binding authority that the Court erred in declining to follow. While *Wentz* may be cited and has potentially persuasive value, it is not binding precedent. Ninth Cir. Rule 36-3(a)-(b).

defined by the DOT. She was not limited to tasks with only one-or two-step instructions. She was instead limited to simple, repetitive work predicated only on sleep loss and chronic pain, rather than a particular mental or cognitive limitation. Moreover, Wentz had provided testimony that she

> was the primary care giver for her disabled husband, her four mentally impaired children, and her newborn infant. She did all of the driving and shopping, and most of the cooking for the family. She got her children ready and drove them to school. She made, kept track of, and drove to all the appointments for the family members. She ensured that prescriptions were filled and kept track of medications for the whole family. She paid the bills.

2009 WL 3734104, at *6.

The Ninth Circuit's affirmance of *Wentz* appears predicated on the district court's finding that there was no inconsistency or apparent inconsistency between the VE's testimony and the DOT. Lacking any apparent or actual conflict, the ALJ's burden under SSR 00-4p and *Massachi* was met by expressly asking the VE if the testimony was consistent with the DOT, and the ALJ was entitled to rely on the VE's testimony that it was consistent. *Wentz*, 2010 WL 4269393, at * 2. The finding in *Wentz* that there was a lack of an actual or apparent conflict is supported in that case by a record distinguishable from this case. Wentz' mental limitation was not described by the ALJ as limiting Wentz to one- or two-step instructions and there was additional evidence that indicated Wentz' functioning was fairly high, particularly considering the daily activities that Wentz reported.

Here, Plaintiff's RFC limitation was not merely to simple, repetitive tasks, but those unidimensional in nature with only one- or two-step instructions. In formulating this RFC, the ALJ selected the words that Dr. Engeln used to describe Plaintiff's mental limitation over the consultative agency physicians who found Plaintiff was able to perform simple, repetitive tasks. (*Compare* AR 333 *with* AR 529.) A limitation to one- or two-step instructions is a more concrete and qualified limitation than that for simple, repetitive tasks that may involve many variables and tasks that involve several steps or instructions. As discussed in *Salas v. Astrue*, the RFC is the ALJ's interpretation and assessment of the medical evidence. No. 1:10-cv-0478-SKO, 2011 WL 2620370, at *5-6 (E.D. Cal. June 29, 2011). In this case, the RFC limitation to one- or two-step instructions was a rational interpretation of Plaintiff's limitations based on Dr. Engeln's opinion that the Court is not at liberty to simply re-fashion based on the Court's assessment of the medical evidence. *Id*.

Additionally, because the RFC represents the ceiling rather than the floor of Plaintiff's abilities (*see* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)), the Court cannot reassess the medical evidence to conclude Plaintiff is *less* limited than indicated by the ALJ's RFC determination. In light of the discrepancy between Plaintiff's limitation, the VE's testimony, and the definitions of the reasoning levels offered by the DOT, this matter will be remanded to allow the ALJ to resolve the apparent conflict – which is what SSR 00-4p requires. A conclusion that the RFC does not mean what it says or that it represents only the floor of Plaintiff's abilities, would be contrary to 20 C.F.R. § 404.1545(a)(1) (RFC "is *the most* [a claimant] can still do despite [the claimant's] limitations") (emphasis added) and 20 C.F.R. § 416.945(a) (same).

As a result of the factual differences between this case and *Wentz*, the Court is not persuaded that *Wentz* is applicable. Moreover, the Court does not interpret *Wentz* as holding that, whenever a VE states that there is no conflict between the VE's testimony and the DOT, that testimony must be accepted by the ALJ regardless of whether there is an unexplained apparent conflict, or that the ALJ may rely on testimony that appears to conflict with the DOT so long as the VE offers a mere conclusion that there is no conflict.

Defendant cites no case where a court has applied *Wentz* for such a broad proposition. Rather, following the decision in *Wentz,* district courts have continued to find that a limitation for simple, repetitive work appears inconsistent with the DOT's definition of level-3 reasoning skills, which is arguably a lesser limitation than one for tasks involving only one- or two-step instructions, as is the limitation here. *See, e.g., Hamlett v. Astrue*, No. CV 11-03818-JEM, 2012 WL 469722, at *4 (C.D. Cal. Feb. 14, 2012) (VE testimony that the plaintiff could perform jobs at level 3 reasoning "plainly conflict[s] with the ALJ's RFC limitation to one and two-step instructions"); *Wright v. Astrue*, No. EDCV 10-400 SS, 2010 WL 4553441, *4 (C.D. Cal. Nov. 3, 2010) (despite VE statement that testimony was consistent with DOT, identification of jobs at level 3 reasoning for claimant limited to simple, repetitive tasks inconsistent with DOT and remand deemed necessary to resolve apparent conflict). In other words, a VE's conclusion, without any explanation, that a claimant limited in this manner is able to perform work requiring level-3 reasoning has been repeatedly found inconsistent and in apparent conflict with the DOT. *See, e.g., Grimes v. Astrue*,

No. EDCV 09-2208-JEM, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011) (limitation for simple, repetitive tasks not consistent with jobs requiring Level 3 reasoning); *Smith v. Astrue*, No. EDCV 10-1393-JEM, 2011 WL 2749561, at * 5 (C.D. Cal. July 13, 2011) (same).

Finally, the fact that Plaintiff's representative did not challenge the VE's testimony as inconsistent with the DOT at the time of the hearing is not conclusive as to whether an apparent conflict exists, nor does it constitute a waiver of the argument. As the Tenth Circuit noted in *Hackett*, while it was unfortunate that the claimant's representative did not challenge the apparent conflict between the VE's testimony and the DOT at the hearing so that it could have been addressed by the ALJ, the Supreme Court has nonetheless held "that a plaintiff challenging a denial of benefits under 42 U.S.C. § 405(g) need not preserve issues in the proceedings before the Commissioner or her delegates." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (citing *Sims v. Apfel*, 530 U.S. 103 (2000)). The Court also notes that Plaintiff had different counsel at the time of the administrative hearing where the VE testified. (*See* AR 600).

**2.    No Clear Error Based on Other Ninth Circuit Case Authority**

Beyond *Wentz*, Defendant cites two published Ninth Circuit cases, asserting that the Court clearly erred in failing to apply them. Defendant's citation to *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) is only offered for the general proposition that once a VE provides a foundation for his or her testimony, no further foundation is required. This is inapposite to the issue in dispute here. The question here is not whether the VE was competent to provide expert testimony or whether he provided an adequate foundation for his testimony; the issue involves the resolution of an apparent conflict between the VE's testimony and the DOT.

Defendant also cites *Winans v. Bowen*, 853 F.2d 643, 644-45 (9th Cir. 1987) for the proposition that a reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Winans* is not relevant to the disputed issue, and the proposition for which it is cited is a general one. It is for the ALJ to assess and resolve the apparent conflict as discussed in the Court's original decision, weighing the evidence as the ALJ deems appropriate. Indeed, it is for this purpose that the case is remanded.

In light of the lack of binding Ninth Circuit precedent addressing this issue, the Court discussed at length how other courts have grappled with the issue of inconsistency between a VE's testimony as to jobs a claimant can perform with various degrees of limitation and the reasoning levels defined by the DOT. District courts in the Ninth Circuit are split as to whether a limitation to ***simple tasks with only one- or two-step instructions*** is consistent with jobs described in the DOT requiring GED reasoning higher than Level 1.[4]  *Compare Grigsby v. Astrue*, No. EDCV 08-1413-AJW, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."); *Murphy v. Astrue*, 2011 WL 124723, at *6 (C.D. Cal. Jan. 13, 2011); *Burns v. Astrue*, 2010 WL 4795562, at *8 (C.D. Cal. Nov. 18, 2010); *with Seechan v. Astrue*, No. 1:09-cv-00610-GSA, 2010 WL 1812637, at *11 (E.D. Cal. May 5, 2010); *Lee v. Astrue*, No. 1:08-cv-01505-GSA, 2010 WL 653980, at * 10-11 (E.D. Cal. Feb. 19, 2010) (limitation to tasks with one- or two-step directions not inconsistent with jobs requiring level two reasoning, but *did* conflict with job requiring level 3 reasoning).[5]

A majority of courts has concluded that a limitation to ***simple, repetitive tasks*** is consistent with both GED reasoning Level 1 and Level 2 jobs, but that such a limitation is *not* consistent with the DOT's description of jobs requiring GED reasoning Level 3. *Hackett*, 395 F.3d at 1176; *Grimes v. Astrue*, No. EDCV 09-2208-JEM, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011) (limitation for simple, repetitive tasks not consistent with jobs requiring Level 3 reasoning); *Smith v. Astrue*,

---

[4] As Plaintiff indicated in her opposition to Defendant's Rule 59(e) motion, a case involving a very similar issue is currently pending before the Ninth Circuit, and a decision in that matter may resolve the district-court split. *See Bordbar v. Astrue*, No. CV 10-02095-VBK, 2011 WL 486540, at *1 (C.D. Cal. Feb. 1, 2011), *appeal filed on* March 8, 2011, *Bordbar v. Astrue*, No. 11-55374 (9th Cir. 2011).

[5] Defendant complains that the Court did not discuss several cases in the Eastern District that have concluded that a claimant limited to one-or two-step instructions is not precluded from level 2 reasoning as defined by the DOT. The Court illustrated the split among the district courts on this issue by discussing two divergent decisions, albeit not the decisions cited by Defendant. Further, Defendant conceded in his opposition brief that the Eastern District cases cited by Defendant were largely "irrelevant" for purposes of the issue here. (Doc. 21, 9:4-6 ("Although it is irrelevant to the facts of this case, the Eastern District of California has expressly and repeatedly held that someone limited to performing simple repetitive one- and two-step tasks – limitations that are fully consistent with those at issue here – is capable of performing jobs with a reasoning level of 2.").) As the Court noted, whether Plaintiff is able to perform work that requires level-2 reasoning skills is irrelevant in view of the fact that the VE testified here that Plaintiff could perform all work through level 3 reasoning skills. (Doc. 23, 18:22-25 ("Regardless of whether the Court finds that Plaintiff's RFC limitation for work involving tasks with one- to two-step instructions encompasses both levels 1 and 2 reasoning as set forth in the DOT, the Court cannot conclude that such a limitation also encompasses level 3 reasoning.").)

No. EDCV 10-1393-JEM, 2011 WL 2749561, at * 5 (C.D. Cal. July 13, 2011) (same); *McGensy v. Astrue*, No EDCV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010); *Tich Pham v. Astrue*, 695 F. Supp. 2d 1027, 1032 n. 7 (C.D. Cal. 2010); *Etter v. Astrue*, No. CV 10-582-OP, 2010 WL 4314415, at *3 (C.D. Cal. Oct. 22, 2010); *Carney v. Astrue*, No. EDCV 09-1984-JEM, 2010 WL 5060488, at * 4 (C.D. Cal. Dec. 6, 2010); *Pak v. Astrue*, No. EDCV 08-714-OP, 2009 WL 2151361, at *7 (C.D. Cal. July 14, 2009); *Tudino v. Barnhart*, No. 06-CV-2487-BEN (JMA), 2008 WL 4161443, at * 11 (S.D. Cal. Sept. 5, 2008) ("Level two reasoning appears to be the breaking point for those individuals limited to only simple, repetitive tasks); *Squire v. Astrue*, No. EDCV 06-1324-RC, 2008 WL 2537129, at * 5 (C.D. Cal., Jun. 24, 2008) (Reasoning level 3 inconsistent with simple, repetitive work).

Here, Dr. Engeln emphasized that Plaintiff is limited to tasks that are "unidimensional," and involve only one- or two-step, simple instructions. (AR 529.) The ALJ adopted Dr. Engeln's language in formulating Plaintiff's RFC. (AR 28.) The VE testified in this case that Plaintiff could perform every unskilled job available, i.e., jobs that required up to and including Level 3 reasoning. (AR 652.) In stride with the majority position among the district courts and the Tenth Circuit's published decision in *Hackett*, this Court concluded that such testimony was in apparent conflict with the DOT.[6]

### 3. No Clear Error in Refusing to Apply *Barrios v. Astrue*

Defendant asserts that the Court erred in failing to apply the reasoning employed in *Barrios v. Astrue*, 1:09-cv-01101-GSA, 2010 WL 2825684 (E.D. Cal. Sept. 28, 2010). This is also an insufficient basis to support a motion under Rule 59(e).

First, this Court is not bound by the decisions of other magistrate or district judges. *See Starbuck v. City and Cnty. of S.F.*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another."). Second, the majority of district courts has found that a limitation to simple, repetitive tasks is inconsistent with jobs defined by the DOT as requiring GED reasoning level 3. A limitation to one- or two-step

---

[6] The Ninth Circuit has also suggested in another unpublished memorandum decision that jobs requiring more than level 1 or level 2 reasoning skills, as defined by the DOT, are arguably inconsistent with a limitation for simple, repetitive work. *See Lara v. Astrue*, 305 F.App'x 324, 325 (9th Cir. 2008)

9

instructions is arguably even more limiting than one for simple, repetitive tasks. The Court thus determined, based on the persuasive reasoning offered by the majority of district courts as well as a published Tenth Circuit decision, that a VE's testimony that a claimant limited to tasks involving only one- or two-step instructions is nonetheless able to perform jobs at level-3 reasoning is in apparent conflict with the DOT's description of level-3 reasoning. *Barrios* is simply not convincing in light of the persuasive reasoning offered by these courts, and it was not clear error for the Court to refuse to apply the reasoning in *Barrios*.

### 4.   No Basis to Reconsider Prejudicial Error Analysis

Finally, Defendant's argument that the Court's prejudicial error analysis is "utterly unreasonable" is also without merit. The agency's burden at the Fifth Step requires that it establish, through expert testimony if necessary, that there are a significant number of jobs that Plaintiff is able to perform. Defendant's argument is essentially that there *must* be jobs at either Level 1 or Level 2 reasoning that Plaintiff can perform, and essentially no evidence of this is required for the agency to carry its burden. According to Defendant, the only evidence required is a reasonable assumption that there are lots of jobs identified by the DOT with GED reasoning levels less than 3 in the sedentary category, thus there must be a significant number of jobs available. This does not satisfy the agency's affirmative burden at the Fifth Step. *See* 20 C.F.R. § 416.912(f) ("we must provide evidence about the existence of work in the national economy that you can do").

There is no evidence regarding the number of jobs that Plaintiff can actually perform because the VE's testimony regarding the number of jobs available in the economy bundled all jobs in the unskilled category together, including jobs at reasoning levels higher than Plaintiff is apparently able to perform in light of the ALJ's RFC assessment. Moreover, because the ALJ relied on the VE's testimony in finding Plaintiff not disabled and as there is a question as to what degree Plaintiff's non-exertional limitation to tasks involving one- or two-step instructions, apparently predicated on her severe condition of major depressive disorder, has eroded the sedentary, unskilled work base, the Court cannot simply look to the Medical-Vocational Guidelines ("Grids") as evidence of harmless error.

### IV.   CONCLUSION

Defendant's motion merely rehashes the arguments presented in his brief.  This is not an adequate basis for a Rule 59(e) motion.  *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998) (a motion for reconsideration "should not be used to ask the court to rethink what the court has already thought through – rightly or wrongly") (omitting internal citations and quotation marks).  The fact that Defendant disagrees with the Court's conclusion is also an insufficient basis to seek reconsideration under Rule 59(e).  *Westlands Water Dist.*, 134 F. Supp. 2d at 1131 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and a recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

Accordingly, IT IS HEREBY ORDERED that Defendant's Rule 59(e) motion to alter the Court's judgment is DENIED.

IT IS SO ORDERED.

**Dated:   June 7, 2012**                                             /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE