# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GONZALES, | 1:10-cv-01330-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | **ORDER GRANTING PLAINTIFF'S REQUEST FOR COSTS OF SERVICE PURSUANT TO 28 U.S.C. § 1920** |
| Defendant. | (Doc. 24) |

## I.  INTRODUCTION

On July 23, 2010, Plaintiff Olivia Gonzales ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits.  (Doc. 1.)  On January 4, 2012, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 23.) On February 1, 2012, Defendant filed a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. 24.)  On February 6, 2012, Plaintiff filed an opposition to Defendant's motion.  (Doc. 25.)  On June 7, 2012, the Court issued an order denying Defendant's motion to amend the judgment.   (Doc. 26.) Thereafter, Plaintiff filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 27.) Defendant filed an opposition, and Plaintiff filed a reply brief. (Docs. 29, 30.)

Currently pending before the Court is Plaintiff's petition for an award of EAJA fees and a request for costs of service under 28 U.S.C. § 1920.  For the reasons set forth below, the Court finds that Defendant's litigation position and the ALJ's underlying actions were substantially justified. Accordingly, Plaintiff's petition for an award of EAJA fees is DENIED, and Plaintiff's request for costs pursuant to Section 1920 is GRANTED.

## II.  BACKGROUND[1]

In assessing Plaintiff's residual functional capacity ("RFC"), the ALJ determined that Plaintiff was able to "understand, remember, and carry out simple one or two-step job instructions." (AR 28.) At a hearing where Plaintiff appeared with the assistance of counsel, a Vocational Expert ("VE") testified that, given Plaintiff's limitations, she remained able to perform the "world of unskilled work."  On that basis, the ALJ concluded that Plaintiff was not disabled and denied her claim for benefits.

In seeking reversal of the ALJ's decision, Plaintiff argued, *inter alia*, that the RFC limiting Plaintiff to tasks involving only simple, one- or two-step job instructions was inconsistent with the Dictionary of Occupational Titles ("DOT") description of many of the jobs in the unskilled category that the VE testified Plaintiff could perform.  In other words, Plaintiff asserted that there was a conflict between the VE's testimony that Plaintiff could perform the "world of unskilled work" when many of the jobs in the unskilled category required a general educational development ("GED") reasoning level beyond her mental limitation to tasks involving only simple, one- or two-step job instructions.[2]

In considering Plaintiff's assertion of error on the part of the ALJ, the Court noted the absence of binding Ninth Circuit precedent on this issue.  In light of this, the Court assessed how numerous district courts in the Ninth Circuit and other courts of appeals have considered this issue.  The majority has concluded that a limitation to tasks involving simple, one- or two-step instructions, is inconsistent with the DOT's definition of level-3 reasoning.

---

[1] The facts of this case were set forth in detail in both the Court's original January 4, 2012, order and the Court's June 7, 2012, order on Defendant's motion to amend the judgment.  (Docs. 23, 26.)

[2] The DOT provides descriptive components of each job it defines.  The various descriptive components, including GED levels, were discussed at length in the Court's January 4, 2012, order.  (*See* Doc. 23, 12:6-13:23.)

# III.   DISCUSSION

## A.   Legal Standard

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and "must include an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  The party submitting the application is also required to allege that the position of the United States was not substantially justified.  *Id.*  Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed.  *Id.* § 2412(d)(2)(B).

To be "substantially justified," the position taken must have a reasonable basis in law and fact.  *Pierce v. Underwood*, 487 U.S. 552, 556-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002).  Substantial justification is interpreted as being "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness."  *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 1161.  The fact that a court reverses and remands a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified."  *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988).  In considering whether the government's position is "substantially justified," courts consider not only the position of the United States taken in a civil action, but also the action or failure to act by the agency upon which the civil action is based.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001); 28 U.S.C § 2412(d)(2)(D).  Thus, courts "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court."  *Kali*, 854 F.2d at 33.  "[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'"  *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal citations omitted).

In considering the issue of substantial justification in *Le v. Astrue*, the Ninth Circuit held that the government's position that a doctor whom the claimant had visited five times over three years

1  was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument

2  could be made that the five visits over three years were insufficient under the regulatory standard –

3  especially given the severity and complexity of the claimant's alleged mental problems. 529 F.3d

4  1200, 1201-02 (9th Cir. 2008).

5       In *Lewis v. Barnhart*, the court determined that the government's defense of an ALJ's

6  erroneous characterization of the claimant's testimony was substantially justified. 281 F.3d 1081

7  (9th Cir. 2002). In that case, the ALJ had reviewed the claimant's testimony about her past work at

8  a gas station and resolved ambiguities in her testimony against her. *Id.* at 1084. Although the

9  district court disagreed with the conclusion reached by the ALJ and remanded the matter, on appeal

10  of the claimant's fee request that was denied by the district court, the appellate court determined that

11  the ALJ had a reasonable basis in fact for the underlying decision because there were facts that cast

12  doubt on the claimant's subjective testimony about her past work. *Id.* at 1084. The Court further

13  determined that the defendant's position to defend the ALJ's error had a reasonable basis in law

14  because an ALJ must assess a claimant's testimony and may use that testimony to define past relevant

15  work as actually performed. *Id.* The Ninth Circuit, therefore, affirmed the district court's

16  determination that the defendant's position was substantially justified. *Id.* at 1086.

17       In contrast, however, where the government violates its own regulations, fails to acknowledge

18  settled circuit case law, or fails to adequately develop the record, its position will not be held to be

19  substantially justified. *Gutierrez*, 274 F.3d at 1259-60. For example, in *Sampson v. Chater*, the

20  ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother to determine

21  the onset date of disability, as well as the ALJ's disregard of substantial evidence establishing the

22  onset date of disability, led the court to hold that the ALJ's actions, and the defendant's defense of

23  those actions, were not substantially justified. 103 F.3d 918, 921-22 (9th Cir. 1996); s*ee also Flores*

24  *v. Shalala*, 49 F.3d 562, 570-72 (9th Cir. 1995) (finding ALJ and Commissioner not substantially

25  justified where ALJ ignored a medical report); *Crowe v. Astrue*, No. CIV S-07-2529 KJM, 2009 WL

26  3157438, at *1 (E.D. Cal. Sept. 28, 2009) (no substantial justification in law or fact based on

27  improper rejection of treating physician opinions without providing a basis in the record for doing

28  so); *Aguiniga v. Astrue*, No. CIV S-07-0324 EFB, 2009 WL 3824077, at *3 (E.D. Cal. Nov. 13,

1    2009) (no substantial justification where ALJ repeatedly mischaracterized the medical record,

2    improperly relied on non-examining physician that contradicted clear weight of medical evidence,

3    and improperly discredited claimant's subjective complaints as inconsistent with the medical record).

4         Here, the parties do not dispute that Plaintiff is the prevailing party.  The Commissioner

5    contends, however, that Plaintiff is not entitled to EAJA fees and expenses under Section 2412

6    because the government's position was substantially justified.  *See* 28 U.S.C. § 2412(d)(1)(A) ("a

7    court shall award to a prevailing party other than the United States fees and other expenses . . . unless

8    the court finds that the position of the United States was substantially justified . . . . ").

9    **B.    Analysis**

10        On April 10, 2005, Plaintiff underwent a psychiatric evaluation conducted by Dr. Soad

11   Khalifa.  (AR 317-19.)  Dr. Khalifa opined that Plaintiff could not manage her own funds and she

12   "will have some restrictions with difficulty in social functioning and responding appropriately

13   because of her mild depressive symptoms and nervousness, physical problems, and knee pain." (AR

14   319.)  On May 3, 2005, Dr. Archimedes Garcia opined that Plaintiff "can sustain simple repetitive

15   tasks with adequate pace and persistence, [and] can adapt and relate to coworkers and [supervisors]."

16   (AR 333.)

17        On November 8, 2007, Dr. Richard Engeln performed a psychological examination of

18   Plaintiff and reported that Plaintiff is "capable of job adjustment in an entry-level context where

19   instructions are simple, and unidimensional and normal supervision is provided.  [Plaintiff] would

20   be able to perform one-to-two step simple job instructions, but [would] not able to receive complex

21   or technical job instructions."  (AR 529.)

22        On January 22, 2007, the ALJ held a hearing where a vocational expert ("VE") testified.  The

23   ALJ posed a hypothetical to the VE that assumed a person of Plaintiff's age, education, and work

24   experience who retained the ability to "understand, remember, and carry out simple one or two step

25   job[] instructions" and could lift and carry 20 pounds occasionally and 10 pounds frequently; stand

26   and walk a total of two hours in an eight-hour day with the use of a cane; sit for a total of six hours;

27   climb, balance, stoop, kneel, crouch, and crawl only occasionally; and must avoid concentrated

28   exposure to fumes, odors, dusts, gases, and poor ventilation.  (AR 652.)  The VE responded that such

1  a person could not perform any of Plaintiff's past relevant work but could perform "the entire world

2  of sedentary unskilled" work which included 80,933 jobs in the State of California.  (AR 652.)

3      In rendering a decision as to Plaintiff's RFC, the ALJ adopted the opinion of Dr. Engeln with

4  respect to Plaintiff's mental limitations and found that Plaintiff "can understand, remember, and carry

5  out simple one or two-step job instructions."  (AR 28.)  Based on this RFC and the VE's testimony,

6  the ALJ found that Plaintiff was not disabled.

7      On appeal of the ALJ's decision, Plaintiff argued that a limitation to simple, one- or two-step

8  job instructions erodes the unskilled, sedentary work base.  Specifically, a person limited to jobs with

9  one- or two-step instructions would be precluded from work in the unskilled, sedentary category that

10  required a reasoning level greater than 1.  Thus, the VE's testimony that a person limited to work

11  involving only simple, one- or two-step job instructions would be able to perform the entire universe

12  of unskilled, sedentary work conflicts with the DOT in that the unskilled, sedentary category requires

13  a higher degree of reasoning ability, i.e., at levels 2 and 3.

14      In finding the VE's testimony in apparent conflict with the DOT, the Court noted there was

15  no binding Ninth Circuit authority on this issue and that district courts in the Ninth Circuit are split

16  as to whether a limitation to *simple tasks with only one- or two-step instructions* is consistent with

17  jobs described in the DOT requiring GED reasoning higher than Level 1.  *Compare Grigsby v.*

18  *Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010) ("The restriction to jobs involving no more

19  than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning."); *Murphy*

20  *v. Astrue*, 2011 WL 124723, at *6 (C.D. Cal. Jan. 13, 2011); *Burns v. Astrue*, 2010 WL 4795562,

21  at *8 (C.D. Cal. Nov. 18, 2010)[3]; *with Seechan v. Astrue*, No. 1:09-cv-00610-GSA, 2010 WL

22  1812637, at *11 (E.D. Cal. May 5, 2010); *Lee v. Astrue*, No. 1:08-cv-01505-GSA, 2010 WL 653980,

23  at * 10-11 (E.D. Cal. Feb. 19, 2010) (limitation to tasks with one- or two-step directions not

24  inconsistent with jobs requiring level two reasoning, but *did* conflict with job requiring level 3

25  reasoning).

    [3] *See also Bridges v. Astrue*, No. 6:11-cv-06342-ST, 2012 WL 6115062 (D.Or. Nov. 14, 2012) (finding that limitation to unskilled work defined as routine repetitive tasks with simple instructions is facially inconsistent with DOT reasoning level 2 and deviation is only acceptable if the VE was questioned about the deviation and then provided persuasive evidence to support the finding that the claimant could perform jobs despite level 2 reasoning level).

6

1      The Court also noted that a majority of courts in this circuit has concluded that a limitation

2  to *simple, repetitive tasks* is consistent with both GED reasoning Level 1 and Level 2 jobs, but that

3  such a limitation is *not* consistent with the DOT's description of jobs requiring GED reasoning Level

4  3.  *Grimes v. Astrue*, No. EDCV 09-2208-JEM, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011)

5  (limitation for simple, repetitive tasks not consistent with jobs requiring Level 3 reasoning); *Smith*

6  *v. Astrue*, No. EDCV 10-1393-JEM, 2011 WL 2749561, at * 5 (C.D. Cal. July 13, 2011) (same);

7  *McGensy v. Astrue*, No EDCV 09-152 AGR, 2010 WL 1875810, at *3 (C.D. Cal. May 11, 2010);

8  *Tich Pham v. Astrue*, 695 F. Supp. 2d 1027, 1032 n. 7 (C.D. Cal. 2010); *Etter v. Astrue*, No. CV 10-

9  582-OP, 2010 WL 4314415, at *3 (C.D. Cal. Oct. 22, 2010); *Carney v. Astrue*, No. EDCV 09-1984-

10  JEM, 2010 WL 5060488, at * 4 (C.D. Cal. Dec. 6, 2010); *Pak v. Astrue*, No. EDCV 08-714-OP,

11  2009 WL 2151361, at *7 (C.D. Cal. July 14, 2009); *Tudino v. Barnhart*, No. 06-CV-2487-BEN

12  (JMA), 2008 WL 4161443, at * 11 (S.D. Cal. Sept. 5, 2008) ("Level two reasoning appears to be the

13  breaking point for those individuals limited to only simple, repetitive tasks); *Squire v. Astrue*, No.

14  EDCV 06-1324-RC, 2008 WL 2537129, at * 5 (C.D. Cal., Jun. 24, 2008) (Reasoning level 3

15  inconsistent with simple, repetitive work).  Additionally, the Tenth Circuit has held that there is an

16  apparent conflict between a claimant's inability to perform more than simple and repetitive tasks and

17  the level-three reasoning as defined by the DOT.  *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th

18  Cir. 2005).[4]

19      The Court concluded that the VE's testimony that Plaintiff, who is limited to simple, one- to

20  two-step job instructions, could perform the "world of unskilled work" which included jobs through

21  GED reasoning skill level 3 appeared to be inconsistent with level 3 reasoning skills as defined by

22  the DOT.  (Doc. 23, 17:25-19:2.)   As the ALJ did not question the VE about this apparent

23  inconsistency, the Court determined that the ALJ erred.  The Court was unable to conclude the error

24  was harmless because the VE did not offer any testimony as to number of jobs Plaintiff could

25  perform at lower reasoning levels.  (Doc. 23, 19:3-23.)

26

27

28      [4] The Ninth Circuit has also suggested in an unpublished memorandum decision that jobs requiring more than
level 1 or level 2 reasoning skills, as defined by the DOT, are arguably inconsistent with a limitation for simple, repetitive
work.  *See Lara v. Astrue*, 305 F.App'x 324, 325 (9th Cir. 2008).

1    In turning to Plaintiff's petition for EAJA attorney's fees, however, the question is not

2  whether Defendant was the prevailing party on the merits, but whether there was a reasonable basis

3  in fact and law for both the agency action and the government's subsequent litigation position. *See*

4  *Kali*, 854 F.2d at 33.  In support of his EAJA petition, Plaintiff avers that a limitation to one- and

5  two-step job instructions is in apparent conflict with the VE's testimony that such a person can

6  perform every unskilled occupation, which would include jobs with GED reasoning levels up to and

7  including level 3.  (Doc. 30, 3:15-5:9.)  Plaintiff contends that, because the DOT is mandatory and

8  all deviations require an explanation, *see* Social Security Ruling ("SSR") 00-4p, the ALJ did not act

9  reasonably in accepting the unexplained testimony of the VE.

10    However, Plaintiff's limitation to "simple" tasks and a preclusion from "complex or technical

11  work" could arguably be interpreted as consistent with the ability to perform work with a GED

12  reasoning level up to 3.  For example, in *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009), the court

13  determined that a claimant limited to "simple" work could perform the job of surveillance-system

14  monitor, which had a reasoning level of 3.  In *Renfrow v. Astrue*, 496 F.3d 918, 920-21 (8th Cir.

15  2007), the court determined that a claimant with an inability to perform "complex technical work"

16  was not precluded from jobs with a reasoning level of 3.

17    Here, similar to the plaintiff in *Terry*, Plaintiff had completed high school and Dr. Engeln,

18  whose opinion the ALJ credited, noted that she was capable of job adjustment in an entry-level

19  context where instructions were simple and unidimensional, particularly because she had made such

20  job adjustments in the past.  (AR 528-29.)  Finally, the ALJ did not fail to inquire whether the VE's

21  testimony was consistent with the DOT, as required by SSR 00-4p, and the VE testified that his

22  response *was* consistent with the DOT.  (AR 655.)  There was a factually reasonable basis for the

23  ALJ to find that, despite Plaintiff's limitations, she retained the ability to perform all "unskilled"

24  work, which included work at GED reasoning level 3.

25    Plaintiff also asserts the Commissioner lacked a legally reasonable basis to argue that the ALJ

26  was justified in relying on the VE's testimony as to the jobs that Plaintiff could perform in light of

27  her RFC.  Specifically, Plaintiff asserts that the split in authority on this issue should have put the

28  Commissioner on notice that this is a contested issue and required the ALJ to explore it in the Fifth

Step of the sequential analysis. To the extent that the Commissioner asserted that a limitation to "simple, one- or two-step instructions" is congruent with a limitation to "simple, repetitive tasks," the split in authority supports the reasonableness of the Commissioner's position. For example, in *Wentz v. Astrue*, the district court determined that there was no conflict between the VE's testimony that a person limited to simple work could perform jobs with a DOT reasoning level of 3 and the DOT's definition of level-3 reasoning. No. 08-661-PK, 2009 WL 3734104, at *14 (D.Or. Nov. 4, 2009). The Ninth Circuit affirmed, determining that there was no apparent or actual conflict between the VE's testimony and the DOT, and noted that the VE had expressly testified that the testimony offered was consistent with the DOT. *Wentz v. Comm'r of Soc. Sec. Admin.*, 401 F.App'x 189, 2010 WL 4269393 (9th Cir. Oct. 26, 2010) (unpublished). However, in *Lara v. Astrue*, another unpublished memorandum decision, the Ninth Circuit suggested that a limitation to simple, repetitive tasks would be inconsistent with jobs requiring GED reasoning level 3 abilities. 305 F. App'x 324, 325 (9th Cir. 2008) (unpublished). Following *Wentz* and *Lara*, district courts have continued to split on the issue of whether a limitation to simple, repetitive tasks is consistent with the DOT's definition of GED reasoning level 3 jobs. *See, e.g., Wright v. Astrue*, No. EDCV 10-400 SS, 2010 WL 4553441, at *4 (C.D. Cal. Nov. 3, 2010) (despite VE statement that testimony was consistent with the DOT, identification of jobs at level 3 reasoning for claimant limited to simple, repetitive tasks inconsistent with DOT and remand deemed necessary to resolve apparent conflict); *Signavong v. Astrue*, No. EDCV 10-917-MAN, 2011 WL 5075609, at * 8 (C.D. Cal. Oct. 25, 2011) (claimant limited to "simple" work not precluded from jobs requiring level 3 reasoning).

"The clarity of the governing law is an important factor to consider in determining whether the government's position was substantially justified." *Mattson v. Bowen*, 824 F.2d 655, 657 (8th Cir. 1987). "'For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation.' Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Secretary of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (quoting *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C. Cir. 1983)). Here, as the governing law is not clear on whether a limitation to

simple, repetitive tasks is consistent with DOT reasoning level 3, the reasonableness of the government's position in this litigation is bolstered.

Further, as it pertains to a limitation to simple one- or two-step instructions, in *Barrios v. Astrue*, 1:09-cv-01101-GSA, 2010 WL 3825684 (E.D. Cal. Sept. 28, 2010), the court found that such a limitation was not inconsistent with GED reasoning level 3 jobs. Thus, the court concluded that the VE's testimony that the claimant could perform the world of unskilled work, which included reasoning level 3 jobs, was not inconsistent with the DOT. *Id*.[5] Ultimately, the Court disagreed that a limitation to simple, one- or two-step job instructions is facially consistent with GED reasoning level 3 jobs that require, according to the DOT, the ability to "[a]pply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and] deal with problems involving several concrete variables in or from standardized situations." DICOT, 1991 WL 688702. Nonetheless, *Barrios* provided authority to support a viable argument that such a limitation is not inconsistent with DOT reasoning level 3 jobs, despite that a majority of courts has concluded that even a limitation to simple, repetitive work is in apparent conflict with GED reasoning level 3 jobs.[6]

Although the Court was not persuaded by the Commissioner's argument on the merits, there was a reasonable basis in law and fact for the ALJ to find that, given Plaintiff's limitations, there was no inconsistency between the VE's testimony and the DOT, and for the Commissioner to defend the

---

[5] *Barrios*, however, is the only case cited by the parties or located by the Court that has determined a limitation to simple, one- or two-step job instructions is consistent with the DOT's description of jobs with a GED reasoning level of 3.

[6] The Commissioner asserts that *Bordbar* also supports the legal reasonableness of her argument. *Bordbar v. Astrue*, 475 F.App'x 214, 2012 WL 3066580 (9th Cir. July 30, 2012) (unpublished). In that case, the plaintiff was deemed by the ALJ to be limited to one- to two-step instructions. The VE provided testimony about jobs that the plaintiff could perform which included work at GED reasoning levels 2 and 3, including that of laundry sorter, DOT 361.687-014 (level 2), and thread cutter, DOT 789.684-050 (level 2). *See Bordbar v. Astrue*, No. 10-cv-2095-VBK, 2011 WL 486540 (C.D. Cal. Feb. 1, 2011). The district court determined that there was no conflict between the VE testimony and the DOT. On appeal, the Ninth Circuit did not reach the issue of whether the VE's testimony conflicted with the DOT because the court determined any error was harmless. *Bordbar*, 2012 WL 3066580, at * 1 ("We need not determine whether the VE's testimony conflicted with the limitations posed by the ALJ because any error was harmless"). The court concluded that, based on the record, it had "no doubt that Bordbar could perform jobs at Reasoning Level 2." 475 F. App'x 214 (9th Cir. 2012). Here, in contrast, the VE provided no testimony about number of jobs at level 1 or 2 that Plaintiff could perform, but simply stated that Plaintiff could perform the world of unskilled work – which would necessarily include an unspecified number of jobs at level 3. As the Court has articulated in its previous two orders in this matter, whether or not Plaintiff could perform jobs at GED reasoning level 2 is irrelevant in light of the VE's testimony that Plaintiff could perform all sedentary work through reasoning level 3. Notably, the court in *Bordbar* did *not* conclude that the claimant could have performed the GED reasoning level three job, mail sorter, that the VE testified that Bordbar could perform, and the harmless error finding was not predicated on that testimony.

ALJ's acceptance of this testimony during the course of the litigation.  Thus, the Court concludes that there was a reasonable basis in fact and law for the government's position, and the Commissioner's position was substantially justified.

Finally, as the prevailing party, Plaintiff seeks $60 for the costs of service of the complaint. (Doc. 27, 10-11, Doc. 27-1, p. 1.)  Plaintiff's request for an award of costs pursuant to 28 U.S.C. § 1920 is granted.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Plaintiff's petition for attorney's fees pursuant to the EAJA is DENIED; and

2.      Plaintiff's request for costs of service pursuant to 28 U.S.C. § 1920 is GRANTED in the amount of $60.00.

IT IS SO ORDERED.

**Dated:    March 13, 2013** _____/s/ Sheila K. Oberto_____
UNITED STATES MAGISTRATE JUDGE

11